**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| **Plaintiff**, | ) | No. **4:20-cr-00403 - HEA** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LEDRA CRAIG,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION FOR NEW TRIAL**

Pursuant to Federal Rule 33, Defendant Ledra Craig respectfully requests that this Court grant a new trial. In support thereof, Defendant states as follows:

***Evidentiary Issues***

Prior to trial, both the Defendant and the United States filed Motions in Limine and Motions to Suppress intended to establish the admissibility of various items of evidence and testimony. The Court's rulings regarding several of these items were erroneous (Doc. 180). These errors as to the evidence are as follows:

1. Defendant respectfully submits that a new trial is warranted because the oral statement taken from Defendant should have been excluded at trial. Defendant was interviewed four times by Det. Plumb the evening of August 2, 2020. Det. Plumb obtained Defendant's statement through coercion, violating his right to remain silent. The only recorded statement given to the police by Defendant was given after three previous unrecorded statements. All these statements, which were admitted at trial, were compelled by the police, in violation of Defendant's right against self-incrimination as guaranteed by the 5th and 6th Amendments to the United States Constitution.

2. Defendant respectfully submits that a new trial is warranted because Defendant's right to confrontation was violated when the Court admitted the statements of co-conspirator "Glenn". Over Defendant's objection, the Government introduced records of text messages purported to be sent from an individual referred to as "Glenn." The Court erred when it admitted these texts because they contained inadmissible hearsay statements, and the Government failed to meet its burden in establishing a conspiracy to qualify for the exception under Rule 801(d)(2)(E). For statements to be admitted under Rule 801(d)(2)(E), the Government was required to establish by the preponderance of the evidence "that there was a conspiracy involving the declarant and the non-offering party, and the statement was made during the course and in furtherance of the conspiracy." *Bourjaily v. United States*, 483 U.S. 171, 183, (1987).

Even if these texts could fall under Rule 801(2)(E) as non-hearsay, the text messages should have been excluded as the probative value of the texts was not substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Therefore, the Court's erroneous admission of these text messages was an error that prejudiced Defendant and necessitates a new trial. The admission of these communications violated Defendant's right to confrontation, effective assistance of counsel, and due process as guaranteed by the 5th, 6th, and 14 Amendments to the United States Constitution.

3. Defendant respectfully submits that a new trial is warranted because the Court allowed the Government, over objection, to introduce evidence that Defendant has a prior conviction for drug sales. The Government alleges that this conviction was introduced to prove intent and knowledge. However, neither of these elements was at issue in

Defendant's case. Instead, the prior conviction was used as propensity evidence, proving to the jury that the defendant had the propensity to sell drugs.

Generally, Rule 404(b) of Federal Rules of Evidence prohibits the admission of a defendant's previous crime as propensity evidence. Fed. Rule Evid. 404(b). "The overriding policy of excluding [propensity] evidence, despite its … probative value, is [that] disallowance tends to prevent confusion of issues, unfair surprise, and undue prejudice." *Old Chief v. United States*, 519 U.S. 172, 181, 117 S. Ct. 644, 650–51, 136 L. Ed. 2d 574 (1997), citing; *Michelson v. United States*, 335 U.S. 469, 475–476, 69 S.Ct. 213, 218–219, 93 L.Ed. 168 (1948) To be admissible under 404(b), evidence must be (1) relevant to the material issue, (2) similar in kind and not overly remote (3) supported by sufficient evidence, and (4) must have a higher probative value than prejudicial effect. *United States v. Aldridge*, 664 F.3d 705, 713 (8th Cir.2011) (internal quotation marks and citation omitted). The admission of this conviction violated the defendant's right to due process and a fair trial in violation of the 14th Amendment to the United States Constitution.

4. Defendant respectfully submits that a new trial is warranted because the Court allowed the Government, over objection, to introduce evidence of unrelated drug sales. The Government introduced text messages that purported to include offers from Defendant to sell drugs to unknown persons. Evidence was introduced that Defendant's phone contained texts purporting to sell fentanyl and included words such as "Fenny" which purportedly refer to the drug fentanyl. These texts regarding unrelated drug sales were remote in time to the offenses charged at trial, irrelevant, and prejudiced Defendant. The introduction of these text messages at trial violated Defendant's rights to due process

and a fair trial in violation of Defendant's rights under the 14th Amendment to the United States Constitution.

5. Defendant respectfully submits that a new trial is warranted because Defendant's right to confrontation was violated when the Court allowed the Government to admit the hearsay statements of Brian Walker at trial. Mr. Walker did not appear at trial to testify and was not present for defense counsel to cross-examine him. His statements were instead offered using text messages that purported to be between Defendant and Mr. Walker. The Government argued that these hearsay statements between Defendant and Mr. Walker proved that Defendant was at the Ameristar Casino for the purpose of selling drugs. The admission of these hearsay statements violated Defendant's rights to due process and confrontation as guaranteed by the 5th and 14th Amendments to the United States Constitution.

6. Defendant respectfully submits that a new trial is warranted on the grounds as the Court allowed the Government to exclude evidence that Defendant's interrogation statement was obtained through police misconduct violating his 14th Amendment rights. The Court admonished Defense counsel for having labeled Detective Plum and Detective Briggs' failure to record the first three interrogations of Defendant Ledra Craig as police "misconduct" in her opening statement, defense counsel asked for clarification as to what "misconduct" was barred from being made mention of. This exclusion was not defined and, as such, was unreasonably broad.

The 14th Amendment provides "no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property without the due process of law." U.S.

Const. 14. "Statements made to [a] suspect must constitute either a threat or promise of leniency [in] order to render the confession involuntary." State v. Wilson, 755 S.W.2d 707 (Mo.App. E.D. 1988).

The jury is tasked with determining whether statements made to the police were made voluntarily. By prohibiting Defense counsel from questioning the Government's witnesses about the circumstances of Defendant's statements and by barring the elicitation of testimony and cross-examination regarding events of the making of the Defendant's interrogation statement, the Defendant was denied his 14th Amendment right to due process as well as confrontation of witnesses and effective assistance of counsel under the 5th and 6th Amendments to the United States Constitution.

***Sufficiency Issues***

1. The Court erred in failing to dismiss the above-captioned cause at the close of the Government's case and again at the close of all the evidence. The Government failed to make a submissible case as to each and every element of the offenses charged as required for conviction. Specifically, the Government failed to prove beyond a reasonable doubt that Mr. Paris's death was caused by a Fentanyl overdose. Mr. Paris had several illicit and toxic drugs in his system at the time of his death. He also had severe heart disease which, according to the Government's expert pathologist, contributed to his death. In light of this clearly conflicting evidence, the Government's case-in-chief was insufficient to establish that Defendant was guilty of the charged offense as a matter of law. The Court, in failing to dismiss Defendant's case, violated Defendant's rights to due process and a fair trial as guaranteed by the 14th Amendment to the United States Constitution.

2. The Court erred in failing to dismiss the above-captioned cause at the close of the Government's case and again at the close of all the evidence for failure to make a submissible case as to each and every element of the offense of distribution of fentanyl resulting in serious physical injury. Specifically, the Government failed to make a submissible case confirming that it was indeed Defendant that was the source of fentanyl provided to Mr. Tappin. The Government offered evidence that Mr. Tappin and Defendant were alone in the casino bathroom for a period of five minutes and that sometime later Mr. Tappin overdosed on fentanyl. This evidence alone is insufficient to establish as a matter of law that Defendant provided fentanyl to Mr. Tappin as required by the due process clause of the 14th Amendment to the United States Constitution.

3. The Court erred in failing to dismiss the above-captioned cause at the close of the Government's case and again after the close of all the evidence for failure to make a submissible case as to each and every element of the offenses charged Conspiracy to Distribute fentanyl. The Government failed to provide sufficient evidence from which a jury could find that Defendant distributed the fentanyl that caused serious physical injury to Mr. Bruno. At trial, the evidence proved that Mr. Bruno was highly intoxicated with dangerous levels of ethanol in his bloodstream at the time he passed out in his vehicle. There is insufficient evidence as a matter of law from which a jury could find Defendant guilty of distributing fentanyl and causing serious physical injury to Mr. Bruno. The Court's failure to dismiss violated Defendant's rights to due process and a fair trial in violation of the 14th Amendment to the United States Constitution.

***Speedy Trial Act Violation***

1. The trial Court erred in failing to dismiss Defendant's case due to a violation of the Speedy Trial Act. Defendant was confined for over two years without the benefit of a trial. Defendant never signed any waivers of his rights under the Speedy Trial Act, nor did he give any of his lawyers the right to waive on his behalf. The Court's failure to dismiss violated Defendant's right to a fair and speedy trial as guaranteed by the 14th Amendment

***Exclusion of Misconduct Evidence***

WHEREFORE, Defendant moves this Court to grant Defendant a new trial.

Respectfully submitted,

/s/ Susan McGraugh

Susan McGraugh #37430
Attorney for Defendant
Saint Louis University Law Clinic
100 N. Tucker Blvd.
St. Louis, MO 63101
(314) 977-2778

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Office of the United States Attorney.

/s/ Susan McGraugh
Susan McGraugh, #37430